*JOHN COWELL v. ZEMIAH HARRIS.

NO DAMAGE ARISES FROM A BREACH OF A FRAUDULENT CONTRACT.

When two parties enter into a contract for a fraudulent purpose, one of the parties can-
not recover the amount of a promissory note given as a part of such contract, nor can
the other party recover damages sustained by reason of breach of the contract.

ERROR to the Court of Common Pleas of Sandusky county.

UPSON, J.

The original action was brought to recover the amount claimed to be due
upon a promissory note for the sum of two hundred thirteen dollars and
twenty cents, made by John Cowell, dated November 15, 1884, and payable to
Zemiah Potter, now Zemiah Harris, or bearer, one day after date, with interest
at eight per cent., upon which note a payment was made March 5, 1885, of one
hundred dollars. Cowell in his answer alleged, that about October, 1883,
Mrs. Potter, in collusion with others, induced him to purchase of her twenty
bushels of Bohemian oats at ten dollars per bushel and to give her therefor his
promisory note for two hundred dollars payable November 1, 1884, with interest
at six per cent. and at the same time agreed with him that if he would purchase
the oats, and give his note therefor, she, with others would sell for him, on or
before October 25, 1884, forty bushels of said oats, to be raised by him, at ten
dollars per bushel, and also then gave to him a bond to the same effect, purport-
ing to be the bond of the "Erie, Huron, Sandusky and Seneca County Bohemian
Oat Association;" that the note upon which the action was brought was given in
renewal of the one described in the answer; that he raised the oats, and had
them on hand, ready for delivery at a convenient place, but that no part thereof
had been sold for him as agreed, whereby he had sustained damages, to the
amount of four hundred dollars, for which he asks judgment. If it should be
held that he is not entitled to such judgment, Cowell asks that the note sued upon
may be cancelled, and that he may recover judgment for the sum of one hundred
dollars paid by him March 5, 1885.

To this answer the plaintiff filed a general demurrer, which was sustained
by the court, and judgment rendered in favor of the plaintiff for the amount
upon the promissory note described in the petition.

The petition in error is filed to reverse the judgment.

If the contract made by these parties was not made for a fraudulent pur-
pose, and is to be regarded as a valid contract, the facts stated in the defendant's
answer are sufficient so constitute a counterclaim, and the demurrer should
have been overruled.

The true nature of such contracts is, however, so generally known, that
we are of opinion it may be fairly presumed that both parties understood this
contract to be against public policy, fraudulent and void. The case is therefore
to be disposed of upon the principles stated in our opinion in the case of Shirey
v. Ulsh, *ante*, decided at this term. The parties being in *pari delicto*, the law
will leave them where it finds them, and will neither enforce the collection of a
note given for such a consideration nor allow the recovery of damages as sus-
tained by the breach of such an agreement.

Judgment reversed and cause remanded for further proceedings.

M. B. Lemmon, for plaintiff in error.

Finch & Dewey, for defendant in error.

*This case was followed in Kitchen v. Loudenback, 2 Ohio Cir. Dec. 129, (s. c. 3 C. C., 231.)