Upson, J.
The plaintiff’s petition, filed in the court of common pleas, states that on the twenty-sixth day of November, 1883, the defendant sold to the plaintiff fifteen bushels of “Bohemian *402 oats,” falsely and fraudulently representing that these oats had a special market value of ten dollars per bushel, when, as the defendant well knew, they had no such value, and were worthless; that relying on these representations the plaintiff gave his promissory note of that date to the defendant for the sum of one hundred and fifty dollars, payable, with interest, to the defendant, or bearer, in one year from date; that at the same time the defendant agreed that payment of said note would not be demanded until there was sold, for the plaintiff, thirty bushels of “ Bohemian oats,” at ten dollars per bushel, by an alleged Bohemian Oats Association; that the defendant then delivered to the plaintiff a pretended bond of said association, to 'Sell for the plaintiff thirty bushels of said oats, on or before October 25, 1884, at ten dollars per bushel, and that payment of said promissory note should not be called for until said thirty bushels of oats had been thus sold; that neither the defendant, nor said association, had ever sold said oats for the plaintiff, and that said bond was worthless, said association never having had any existence; that before said promissory note became due, the defendant sold it, for a valuable consideration, to a Iona fide purchaser, who had no notice of any defense thereto, and that the plaintiff had been compelled to pay one hundred and fifty-nine dollars, the amount due thereon, for which sum, and interest, the plaintiff asked judgment.
The defendant in his answer admits the sale of the oats, and the giving of the promissory note, but denies every other allegation of the petition.
At the January term, 1887, the issues thus made were tried to the court, a jury being waived, and the court found that “the plaintiff knew when he was negotiating to buy said oats, and when he gave said note, that said “ Bohemian oats ” were not worth ten dollars per bushel, nor more than fifty cents per bushel, and bought and bargained for same, relying upon said representations that there would be sold for him the following year, twice as many bushels of the product of the said oats, at the price of ten dollars per bushel, and belore he would be called upon to pay said note of $150; that plaintiff was assured by said Ulsh, defendant, that there was money in *403 the business, and relied upon this, and bought the oats, and gave his note because he thought he could make some money by doing so; that no claims or representations were made to'the plaintiff that the Bohemian oats were of any better quality, or had any other or greater value than any other oats. Plaintiff relied upon, and was induced to.buy these oats, and to give his note, solely by and relying upon the representations of defendant, that said Bohemian Oats Association, so called, would sell for him twice the number of bushels he so bought, at ten dollars per bushel, before he would be called upon to pay said note, and the statements contained in said by-laws;” the by-laws of the pretended association,
The other material facts were found by the court, substantially as claimed by the plaintiff
Upon the facts thus found, the court concluded, as matter of law, that the contract between these parties was contrary to public policy, immoral, illegal and void; that it was a fraudulent scheme for making money; that both Shirey and Ulsh were parties to the fraud, ánd that the plaintiff could not recover a judgment for the money which he had lost by means of the illegal agreement, and rendered judgment for the defendant. ' '
. In this conclusion we fully concur. The plaintiff made the contract, well knowing that he could realize the profits which hé expected therefrom, only by means of frauds to be. practiced on other persons. The contract was therefore fraudulent and immoral, on the part of the plaintiff as well as on the part of the defendant. The view taken by the legislature of transactions like those between the plaintiff and defendant in this case, is shown by the provisions of a statute enacted May 15, 1886, which provides that sales of grain, under circumstances like those described in the petition; is a crime which may be punished by imprisonment in the penitentiary.
It is a well established rule of law, that “ when a contract is entered into for fraudulent purposes, or illegal purposes, the law refuses to enable either party to disturb such parts of it as have been executed, or carried into effect; and as to such parts' as.remain executory it will not compel the contractor to per *404 form his engagements, or pay damages for non-performance;. thus in both cases leaving the parties where it finds them.” ¡ü¡The statutes allowing the recovery of money lost in gaming* and similar statutes, are exceptions to the general rule.
Richards & Heffner, for plaintiff in error.
Finch & Dewey, for defendant in error.
The judgment of the court of common pleas is affirmed.