## *ERASTUS J. KITCHEN v. DAVID LOUDENBACK.

1. WHEN ERRONEOUSLY SUSTAINING DEMURRER NOT GROUND FOR REVERSAL.

A judgment will not be reversed for error in sustaining a demurrer to a sufficient defense where the defendant does not stand upon such defense, but so amends his answer that upon the trial he has the benefit of all the averments of the original defense.

---

\* This judgment was affirmed by the supreme court. See opinion 48 O. S., 177.

2. SUBMITTING TO NEW TRIAL AFTER VERDICT SET ASIDE WAIVES ERROR.

   Nor, in general, can the setting aside of a verdict be assigned for **error** where a new trial is had and a judgment rendered.

3. "RED LINE WHEAT" NOTE GOOD IN HANDS OF BONA FIDE HOLDER.

   Although the payee of a "red line wheat" note cannot recover thereon, it is valid in the hands of a *bona fide* holder; and if his title be otherwise perfect, it cannot be impeached by showing that he took the note under circumstances which ought to excite suspicion in the mind of a prudent man, unless they further show that his purchase was in bad faith.

4. BONA FIDE HOLDER OF NOTE, VOID AS BETWEEN PARTIES, MAY RECOVER WHOLE AMOUNT.

   A *bona fide* holder of a negotiable note, void as between the original parties, is entitled to recover the amount due by the terms of the note, without regard to the consideration which he paid therefor.

ERROR to the Court of Common Pleas of Clark county.

In the court of common pleas Loudenback filed a petition against Kitchen in the short form authorized by the code, founding his action upon a promissory note to one E. S Clark for $420.00, of which a copy is set out, alleging the endorsement of the note to him by Clark at a date designated, which was prior to the maturity of the note, and that the note remained wholly unpaid.

The defendant answered that Clark was the superintendent of the North American Farmers' and Planters' Company for the production of cereals, a company incorporated under the laws of the state of Ohio, and engaged in the business of selling red line wheat, and that the note was given upon no consideration whatever except a sale of such wheat upon a scheme which is fully set out in the answer and is identical with that which is more widely known as the Bohemian oats scheme; that the transaction thus set out was illegal, and the note absolutely void under the statute.

The answer also alleges that the plaintiff purchased the note for $367.50-100.

A general demurrer to this defense was sustained, to which the defendant excepted.

To conform to the views of the court the defendant then amended his answer by further alleging that the purchase of the note by the plaintiff was with full knowledge of its invalidity.

In his reply the plaintiff admitted that since the commencement of the action he had learned that the note was given for the consideration named in the second defense, but denied every other allegation therein contained; and he further alleged that he had purchased the note in the usual course of trade before it became due, in good faith, without knowledge of the facts set forth in the answer or of any infirmity therein, and that he paid therefor the full value of the same as a good and valid note.

Upon these issues the cause was tried to a jury and a verdict was returned in favor of the plaintiff for $292.29-100.

The plaintiff moved for a new trial, upon the ground that the jury erred in assessing the amount which he was entitled to recover. This motion was sustained, and the defendant excepted.

Another trial resulted in a verdict for the plaintiff for the amount of the note, with interest. The defendant moved to set this verdict aside upon the grounds that it was against the weight of the evidence and the law of the case, and that the court erred in its instructions to the jury. This motion was overruled, to which the defendant excepted.

The bill of exceptions taken at the trial does not contain the evidence offered at the trial, nor all of the instructions given to the jury. It shows that each of the parties offered evidence tending to prove the issues on his part; that the court thereupon refused to instruct the jury at the request of the defendant, that if the note "arose out of the illegal and fraudulent transaction set forth in the second defense, the plaintiff would not be entitled to recover more than the amount paid by him for the note," even though he had established his title as a *bona fide* holder, and that upon this point the jury were directed to return a verdict in favor of the plaintiff for the face of the note with interest if they found that he had established such title. They were also instructed, among other things, that it was incumbent upon the plaintiff to prove the good faith of his purchase of the note. As to a purchase in good faith the court instructed the jury that it would not defeat the plaintiff's claim that he took the note under circumstances that ought to excite suspicion in the mind of a reasonable and prudent man, but that it must appear that he took the note under such circumstances as showed that he acted in bad faith or with a want of honesty.

The errors assigned are:

1. Sustaining the demurrer to the second defense.

2. Sustaining the plaintiff's motion for a new trial.
3. Overruling the defendant's motion for a new trial.
4. In the instructions given and refused.

SHAUCK, J.

As to the validity of notes of this character, it is settled, so far as this court is concerned, that they are not void in the hands of holders in good faith. Stewart v. Simpson, 1 Ohio Cir. Dec. 562. Upon the other hand, as between the parties, no recovery can be had upon such notes, because they are fraudulent and executed for an illegal purpose. Shirey v. Ulsh, 1 Ohio Cir. Dec. 554, and Cowell v. Harris, 1 Ohio Cir. Dec. 556.

The petition contained no averment showing in the plaintiff any of the elements of such title to this note as would relieve it from the defenses which might have been made against the payee, except that it was negotiated before due. To that petition it may have been a sufficient answer to allege facts showing that the note was invalid between the original parties. Whether it was or not we need not determine. The defendant did not choose to stand upon this answer and permit judgment to be rendered against him upon the demurrer. But he so amended his answer that upon the trial he had the benefit of all the averments of the original defense. If there was error in the ruling complained of, it did not prejudice the plaintiff in error in the judgment that was finally rendered in the case. Davis & Co. v. Gray, 17 O. S., 331.

Although the trial judge may, when passing upon the demurrer, have had an erroneous view as to the facts which it was incumbent upon the plaintiff to aver and prove to entitle him to recover as a *bona fide* holder of the paper sued on, it would be our duty to presume, if such presumption were necessary, that he correctly instructed the jury on that point. The record before us, however, shows affirmatively that the jury were properly instructed upon this point.

There was no prejudicial error in sustaining the demurrer.

Nor is it ground for a reversal of the judgment that the trial judge erred, if he did err, in setting aside the first verdict upon the motion of the plaintiff. Pendleton Street R. R. Co. v. Stallman, 22 O. S., 1.

Did the court err in charging the jury that the plaintiff was entitled to recover the face of the note with interest if he satisfied them of all the facts required to give him the rights of a *bona fide* holder? Or should the recovery have been restricted to the amount which he paid for the note?

Many of the authorities cited by counsel for the plaintiff in error in support of the proposition that the recovery ought to be restricted to the amount paid by the innocent purchaser, do not apply to a case of this character. Some of them relate to accommodation paper, others to suits by pledgees of paper obtained by fraud of the pledgor, in which the recovery has usually been restricted to simple indemnity.

While there are a few cases which apply the same rule to absolute purchasers of negotiable paper, they do not constitute the weight of authority, nor do they seem to us to be founded upon the better reasons. The case of Cromwell v. County of Sac, 97 U. S., 51, is high authority for a contrary conclusion. It is there held that "the purchaser of a negotiable security before maturity, in cases where he is not personally chargeable with fraud, is entitled to recover its full amount against its maker, though he may have paid less than its par value, whatever may have been its original infirmity.

We are aware of numerous decisions in conflict with this view of the law; but we think the sounder rule, and one in consonance with the common understanding and usage of commerce, is that the purchaser, at whatever price, takes the benefit of the entire obligation of the maker. * * * It would introduce inconceivable confusion if *bona fide* purchasers in the market were restricted in their claims upon such securities to the sums they had paid for them. This rule in no respect infringes upon the doctrine that one who makes only a loan upon such paper, or takes it as collateral security for a precedent debt, may be limited in his recovery to the amount advanced or secured."

This case is cited approvingly by the supreme court of Ohio in Tod v. Wick Brothers & Co., 36 O. S., 370, where the following doctrine is declared: "Where in an action by an indorsee of a negotiable promissory note, which, in the hands of the payee, was void for want of consideration, the defense is interposed that the plaintiff is not an innocent holder for value, the amount paid by the plaintiff for the note is only important as it affects the good faith of the purchase."

It would be quite at variance with this doctrine to hold that the amount paid by the plaintiff is important for the purpose of fixing the amount which he may recover.

Section 3172, Rev. Stat., provides that such a holder of a note as plaintiff appears to be "may institute and maintain an action thereon, for the recovery of the money due on the same." I am unable to see how effect can be given to this provision of the statute if plaintiff is restricted to the amount which he paid for the note, instead of permitting him to recover thereon.

The court properly instructed the jury that it was not sufficient to defeat the plaintiff that he took the note under circumstances which ought to excite suspicion in the mind of a prudent man, and that to have that effect it must be shown that he took the note under circumstances showing that he acted in bad faith.

The rule of Gill v. Cubit, 3 B. & C., 466, decided in 1824, is distinctly repudiated in Johnson v. Way, 27 O. S., 374, which is clear authority for the charge given in this case upon this point.

Upon the whole case we think the judgment is not affected by any error prejudicial to the plaintiff in error. It will be affirmed with costs.

J. Warren Keifer, for plaintiff in error.
George Arthur, contra.